IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAXUM INDEMNITY COMPANY,<br>               Plaintiff,<br><br>    vs.<br><br>HEYL & PATTERSON, INC.,<br>               Defendant. | Civil Action No. 2:11-01111<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"). Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff, Maxum Indemnity Company ("Plaintiff"), seeks a determination that its insured, Defendant Heyl & Patterson, Inc. ("Defendant"), is not entitled to insurance coverage, in connection with an arbitration proceeding, pending before the American Arbitration Association, in *Alfred Palma, LLC v. Heyl & Patterson, Inc.*, AAA Case No. 69 110Y 0014910. (Docket No. 1 at 1-2). For the reasons stated below, this Court declines to exercise jurisdiction over this action.

"The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 630-31 (W.D. Pa. 2002). The Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201 (emphasis added).[1] Accordingly, the jurisdiction conferred by

---

[1] In pertinent part, the Declaratory Judgment Act provides:

> [i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought.

1

the Act is discretionary, and district courts are under no compulsion to exercise it. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995) (holding that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants")).

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atl. Mut. Ins. Co. v. Gula*, 84 Fed. App'x 173, 174 (3d Cir. 2003) (citing *Summy*, 234 F.3d at 134-35). In *Summy*, our Court of Appeals stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy*, 234 F.3d at 136. Indeed,

> [T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

*Id*.

Importantly, the issues pertaining to insurance coverage, i.e. interpretation of claims-made coverage; Design Build Limitation Additional Exclusions; and the Warranty GL/Products Completed endorsement, in this case present no federal question, nor promote any federal interest. Indeed, this action presents the common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on state law matters. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action. *Seelye*, 198 F. Supp. 2d at 631. In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment

---

Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

actions." *Gula*, 84 Fed. App'x at 175 (quoting *State Auto. Mut. Ins. Co. v. Toure*, No. 02-CV-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa., Aug. 7, 2003)). Further, this Court recognizes the State's interest in regulating insurers through the Insurance Commissioner's Office. *See Pennsylvania Insurance Department Website*, http://www.ins.state.pa.us/portal/server.pt/community/insurance_department/4679 (September 6, 2011).

The Court notes that both the Supreme Court in *Wilton* and our appellate court in *Summy* reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions. *Wilton*, 515 U.S. at 288-89; *Summy*, 234 F.3d at 135. Here, unlike in *Wilton* and *Summy,* there is no parallel action in the state court. Instead, there are arbitration proceedings, but from the Complaint, where they are pending is not clear. The Supreme Court in *Wilton* did not explicitly address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. *Wilton*, 515 U.S. at 290. The *Wilton* court implicitly stated, however, that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action. *Id*. at 288 n.2. *Summy* ruled that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case. *Summy*, 234 F.3d at 134-35. Rather, it is but one factor that this Court should consider. *Id*. Thus, although there is no parallel state court proceeding in this case, that factor is not determinative, and in the Court's view, the absence of a parallel state proceeding is clearly outweighed by the lack of any federal interest in this dispute. *See e.g. Allstate Property and Casualty Insurance Company v. Owens, 2011 WL 94412 (W.D.Pa. 2011)* ; *Seelye*, 198 F. Supp. 2d at 632; *Dixon v. Progressive N. Ins. Co.*, No. 08-cv-1010, 2008 U.S. Dist. LEXIS 65594, at *6-7 (W.D. Pa., Aug. 27, 2008).

Furthermore, since state law on the issue of contract interpretation is well settled, there is even less reason for the parties to litigate their dispute in federal court. *Seelye*, 198 F. Supp. 2d at 631. Plaintiff

seeks a declaration that Defendant is not entitled to insurance coverage, in connection with an arbitration proceeding, pending before the American Arbitration Association.  Said issue, is dependent upon state law contract interpretation and would require the application of state law to the facts that gave rise to the controversy between the parties. *See Farmers New Century Insurance Company v. Lambert*, 2009 WL 211947 (M.D.Pa. 2009) (which used the same reasoning to decline to hear a declaratory judgment action, where the issue involved the interpretation of state contract law and did not pose a Federal question); *see also Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir. 2009), (*quoting Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir.2003)) (which stated that the Federal Arbitration Act "clearly reflects a 'strong policy in favor of the resolution of disputes through arbitration.'") .  As such, Plaintiff's Complaint does not pose questions of federal law.  Instead, Plaintiff seeks to have this court issue a judgment, based on state law, that will allow the insurance company to avoid potential obligations.  Because the issue before this Court is dependent upon state contract law interpretation, the state court is the proper forum.  As the state court would be the proper forum for such an issue, this Court will exercise its discretion to decline jurisdiction in this case.  *See Farmers New Century Insurance Company v. Lambert*, 2009 WL 211947 (M.D.Pa. 2009); *see also Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir. 2009).

In conclusion, this dispute is not governed by federal law and there are no federal interests at stake.[2]  The state law to be applied is well settled.[3]  This Court believes that the state court system is more than capable of resolving the present dispute in accordance with its own law.  Therefore, under the

---

[2] However, it is noted that Federal Courts promote arbitration. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir. 2009).

[3] There are multiple Pennsylvania cases regarding claims-made coverage, completed operations and warranty. *See e.g. ACE American Insurance Company v. Underwriters at Lloyds and Companies*, 939 A.2d 935 (Pa.Super.Ct. 2007); *Bombar v. West American Insurance Company*, 932 A.2d 78 (Pa.Super.Ct. 2007); *Graziano Construction and Development Company, Inc. v. Pennsylvania National Mutual Casualty Insurance Company*, 2011 WL 2409883 (Pa.Super.Ct. 2011).

circumstances of this case, and in the exercise of this Court's discretion, the Court will not exercise jurisdiction over this declaratory judgment action.

For the foregoing reasons, Plaintiff's declaratory judgment action is DISMISSED, without prejudice to the parties' right to fully litigate this matter in the appropriate state court. An appropriate order follows.

                                                                  *s/Nora Barry Fischer*
                                                                  Nora Barry Fischer
                                                                  United States District Judge

cc/ecf: All counsel of record

Date: September 12, 2011